IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:02-CR-0022 (01) |
| | § | |
| SERGIO RAMOS-CONTRERAS | § | |

**REPORT AND RECOMMENDATION TO DENY MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant SERGIO RAMOS-CONTRERAS has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's motion is without merit. It is recommended that the motion to vacate, set aside or correct sentence be DENIED.

I.
PROCEDURAL HISTORY

On April 10, 2002, defendant was indicted for illegal re-entry of alien after deportation following a conviction for a felony in violation of Title 8, United States Code, Section 1326(b)(1). On June 4, 2002, defendant RAMOS-CONTRERAS pleaded guilty to the indicted offense pursuant to a plea agreement. Defendant was sentenced September 17, 2002, receiving a fifty-seven (57) month sentence with a three (3) year supervised release term, and a special assessment of $100.00. Defendant did not directly appeal his conviction or sentence. On September 18, 2003, defendant filed the instant Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255.  On March 8, 2004, defendant filed an amendment to his original habeas application, and on July 20, 2004, the government filed its response.  On May 24, 2005, a Briefing Order issued.  The government filed their response on June 13, 2005.  Defendant failed to respond.

II.
DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant appears to present the following claims:

1. His conviction and sentence were obtained in violation of *Apprendi v. New Jersey*;

2. Whether 8 U.S.C. § 1326(b)(2) is unconstitutional; and

3. He received ineffective assistance of counsel.

III.
MERITS OF THE CLAIM
Apprendi

By his first ground, defendant appears to contend the holding of the United States Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) calls into question the continued validity of its prior ruling in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).  Defendant's argument fails for two reasons.  First, defendant has failed to show that *Almendarez-Torres* is not controlling.  Second, defendant concedes such in his statement, "On this appeal petitioner contend (sic) that ss [§] 1326 is unconstitutional petitioner acknowledges that this argument was previously rejected by the Supreme Court, but he seeks to preserve it for Supreme Court review in light of *Apprendi* (cite omitted), which case (sic) doubt on the continuing validity of

Almendarez Torres constitutional holding." Defendant's Brief in Support of Original Application at 5. Defendant's claim in this regard must fail.

### Constitutionality of 8 U.S.C. § 1326(b)(2)

Although not entirely clear from his pleadings, defendant next appears to assert that 8 U.S.C. § 1326(b)(2) is unconstitutional. As correctly articulated by the government, however, defendant RAMOS-CONTRERAS was convicted pursuant to 8 U.S.C. § 1326(b)(1) not 8 U.S.C. § 1326(b)(2). Government's Response at 2. Defendant was not charged with or convicted of a violation of 8 U.S.C. § 1326(b)(2), and his sentence was not enhanced pursuant to such statutory section. Defendant has no standing to challenge the constitutionality of 8 U.S.C. § 1326(b)(2).

### Ineffective Assistance of Counsel

Defendant next appears to contend his trial counsel was ineffective for (1) failing to challenge the constitutionality of 8 U.S.C. § 1326(b)(2), (2) failing to object to the addition of two points to his criminal history category for being under a criminal justice sentence when he committed the instant offense, and (3) for failing to file an appeal.

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a defendant must first show that defense counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.*, 466 U.S. at 687. Specifically, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. The performance

inquiry must center on whether counsel's assistance was reasonable considering all the circumstances which existed at the time of counsel's conduct. *Id.* at 688-90. Second, a defendant must show that counsel's deficient performance prejudiced the defense. To establish this second prong, a defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice. *Id.* at 693. Consequently, it is not enough for a defendant to show that the errors had some conceivable effect on the outcome of the proceeding. To establish prejudice in the context of a guilty plea, a defendant must show there is a reasonable probability that but for counsel's errors, defendant would not have pleaded guilty and, instead, would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

A reviewing court's scrutiny of counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Strickland v. Washington,* 466 U.S. at 689. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

In reviewing an ineffective assistance of counsel claim, it is not necessary to first evaluate whether counsel's performance was deficient before examining whether defendant was prejudiced as a result of the alleged deficiencies. In fact, if a determination as to the prejudice prong is easier and disposes of an ineffectiveness claim, then that course should be followed. *Strickland v. Washington*, 466 U.S. at 698; *see also United States v. Fuller*, 769 F.2d 1095, 1097 (5th Cir. 1985).

In the instant case, defendant cannot meet the second prong of the *Strickland* test in his argument on the constitutionality of 8 U.S.C. § 1326(b)(2) because he cannot show he was

prejudiced by defense counsel's failure to challenge the same. As discussed *supra*, even if counsel had successfully challenged the constitutionality of 8 U.S.C. § 1326(b)(2) such would have had no effect on defendant's case for he was not indicted for or convicted of violating such statute. Defendant has failed to show prejudice.

In his next ineffective assistance claim, defendant alleges counsel failed to object to the addition of two points to his criminal history category under USSG § 4A1.1(d). Such statute provides for the addition of two points , "if the defendant committed the instant offense while under any criminal justice sentence." Government's Response at 4. According to defendant, he was convicted and sentenced, on June 7, 1998, to 3 separate counts of distributing marijuana. Defendant was sentenced on each count to 18 months incarceration plus one year parole. Defendant's Amended Application at 5. However, it appears according to defendant, he was actually only required to serve one of the 18 month sentences and was released to the one year parole term at which point his other two 18 month sentences were probated for three (3) years, such probation to run concurrently with the one year parole term. According to defendant, he was to discharge these sentences on July 19, 2002. *Id*. at 5-6. Defendant pleaded guilty to the illegal reentry offense on June 4, 2002, but during these proceedings, the state authorities never filed a motion to revoke or issued a warrant, in fact, they did nothing. *Id*. at 6. Thus, defendant argues, his situation is similar to that of *U.S. v. Baty*, 931 F.2d 8 (5th Cir. 1991) and the two points should not have been added to his criminal history category because there was no outstanding warrant.

As argued by the government, defendant committed the instant offense on March 11,

2002, during his state court ordered probationary period. Governments' Response at 4; Indictment. Moreover, the defendant *Baty* was not on probation when she committed a new offense thus the Fifth Circuit held she was not subject to the provisions of USSG § 4A1.1(d). Because defendant was subject to USSG § 4A1.1(d), it cannot be said that counsel was ineffective for failing to object to its application in defendant's case.

Finally defendant RAMOS-CONTRERAS has argued counsel was ineffective because he failed to file an appeal. Defendant's pleadings related to this issue, however, are extremely difficult to follow because the pleadings recite page after page of caselaw and court decisions on the issue, recite facts from these decisions and/or headnotes, making it extremely difficult to determine exactly what defendant alleges occurred between himself and his counsel. On May 24, 2005 the undersigned issued a briefing order to the parties ordering defendant to state with clarity and specificity how counsel was ineffective in the specific circumstances surrounding his case. Defendant was further ordered to tell the Court, to the best of his recollection, what he told his counsel regarding an appeal and how counsel responded. Defendant has completely failed to respond to the briefing order.

The government stated in its initial response, "Ramos-Contreras acknowledges that he discussed an appeal with counsel. He asserts he told counsel he wanted to appeal and that counsel told him there were no grounds for an appeal." Government's Response at 5. The May 24, 2005 briefing order ordered the government to cite to the portion of defendant's pleadings supporting such position. The government filed its response to the briefing order and referred the

Court to the fourth page from the end of defendant's memorandum which, while not the 7th page, had a 7 on the bottom. The government then stated it was, "no longer confident that these two paragraphs are statements about Ramos-Contreras' case rather than being a description of events in cases he researched." (Response to Briefing Order at 2). The Court agrees.

"A criminal defense attorney does not have a duty to perfect an appeal on behalf of his convicted client until his client makes it know that he wants to appeal." *Childs v. United States*, 995 F.2d 67, 69 (5th Cir. 1993). As articulated by the government, it is unclear from defendant's pleadings whether he ever expressed an interest in an appeal and/or was informed there was no basis upon which to file an appeal. Defendant has not set forth with specificity, even after being ordered to clarify his complaint, what conversations related to an appeal occurred between himself and counsel. Defendant, in his application, has offered nothing more than his own self serving statements and has not demonstrated prejudice. For these reasons, his claim must fail.

## IV.
## RECOMMENDATION

Based upon all of the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant SERGIO RAMOS-CONTRERAS be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).